IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

MICHAEL KASACK,

    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Michael Kasack, is a natural person.

8. The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, National Enterprise Systems, Inc., is an Ohio corporation operating from an address at 29125 Solon Road, Solon, Ohio, 44139.

11. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16. Sometime before December 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. In 2009 the Plaintiff received telephone calls and voicemail messages from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account.

23. The only purpose for these telephone calls and voicemail messages was to attempt to collect the Account.

24. The voicemail messages conveyed information regarding the Account directly or indirectly to the Plaintiff.

25. The telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

26. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

27. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant left voicemail messages for the Plaintiff was to attempt to collect the Account.

29. In 2009 the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account falsely threatened to take the Plaintiff to Court.

30. In 2009 the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account falsely threatened to garnish the Plaintiff's wages.

31. In 2009 the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant yelled at the Plaintiff while attempting to collect the Account.

32. In 2009 the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff that did not contain the language required by FDCPA 1692d(6) and 1692e(11).

33. In 2009 the Defendant and / or a representative, employee and / or agent of Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

34. The voicemail message stated: "Mr. Kasack, this is Christian Remell. I suggest you contact my office at 1-800-261-3453 and dial extension 1048."

35. 1-800-261-3453 is one of the Defendant's telephone numbers.

36. The Defendant has a representative, employee and / or agent named Christian Remell or that uses the alias of Christian Remell.

37. The Defendant keeps a list of all aliases used by its representatives, employees and / or agents in attempts to collection debts.

38. The voicemail message was an attempt to collect the Account.

39. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

40. The voicemail message does not state that the communication is from a debt collector.

41. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

42. The voicemail message does not meaningfully disclose the caller's identity.

43. The Defendant and / or its representative, employee and / or agent, Christian Remell, did not state that she was calling from the Defendant during the voicemail message.

44. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

45. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

46. The Defendant and / or its representative, employee and / or agent, Christian Remell, was not acquiring location information on the Plaintiff during this voicemail message.

47. The Defendant and / or its representative, employee and / or agent, Christian Remell, left this voicemail message for the Plaintiff.

5

48. The Defendant and / or its representative, employee and / or agent, Christian Remell, did not leave this voicemail message for a person other than the Plaintiff.

49. Christian Remell was an employee of the Defendant at the time this message was left for the Plaintiff.

50. Christian Remell was an agent for the Defendant at the time this message was left for the Plaintiff.

51. Christian Remell was acting within the course of her employment with the Defendant at the time this message was left for the Plaintiff.

52. Christian Remell was acting within the scope of her employment with the Defendant at the time this message was left for the Plaintiff.

53. Christian Remell was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

54. Christina Remell was under the control of the Defendant at the time this message was left for the Plaintiff.

55. Christian Remell's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

56. The recording device used by the Plaintiff was capable of taping the voicemail message.

57. The Plaintiff was competent to operate the recording device.

58. The recording device used by Plaintiff was capable of taping the voicemail message.

59. The operator of the recording device used by the Plaintiff was competent to operate it.

60. The recording of the voicemail message is authentic and correct.

61. Changes, additions, or deletions have not been made to the voicemail message.

62. The voicemail message recording has been preserved in a manner that will be shown to the Court.

63. The speaker in the voicemail message has been identified as Christian Remell, a representative, employee and / or agent of the Defendant.

64. The voicemail message was made voluntarily without any kind of inducement.

65. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and the collector at the Defendant, Christian Remell.

66. The voicemail message is a business record of the Defendant.

67. The Defendant possesses a copy of this voicemail message.

68. In 2009 the Defendant and / or a representative, employee and / or agent of the Defendant, Thomas Scott, called the Plaintiff and left a voicemail message for the Plaintiff.

69. The voicemail message stated: "This message is for Michael Kasack. It is important that you return this call back to the offices of Thomas Scott here at NES. The number here is 1-800-261-3453. Direct office extension 1930. When returning this call be sure to reference number 329862KMG041."

70. 1-800-261-3453 is one of the Defendant's telephone numbers.

7

71. The Defendant has a representative, employee and / or agent named Thomas Scott or that uses the alias of Thomas Scott.

72. The reference number 329862KMG041 stated in the voicemail message refers to the Defendant's reference number or account number of the Account.

73. The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

74. The voicemail message was an attempt to collect the Account.

75. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

76. The voicemail message does not state that the communication is from a debt collector.

77. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

78. The voicemail message does not meaningfully disclose the caller's identity.

79. The Defendant and / or its representative, employee and / or agent, Thomas Scott, did not state that he was calling from National Enterprise Systems, Inc. during the voicemail message.

80. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

81. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

82. The Defendant and / or its representative, employee and / or agent, Thomas Scott, was not acquiring location information on the Plaintiff during this voicemail message.

83. The Defendant and / or its representative, employee and / or agent, Thomas Scott, was not acquiring location information on the Plaintiff when this voicemail message was left for the Plaintiff.

84. The Defendant and / or its representative, employee and / or agent, Thomas Scott, left this voicemail message for the Plaintiff.

85. The Defendant and / or its representative, employee and / or agent, Thomas Scott, did not leave this voicemail message for a person other than the Plaintiff.

86. Thomas Scott was an employee of the Defendant at the time this message was left for the Plaintiff.

87. Thomas Scott was an agent for the Defendant at the time this message was left for the Plaintiff.

88. Thomas Scott was acting within the course of his employment with the Defendant at the time this message was left for the Plaintiff.

89. Thomas Scott was acting within the scope of his employment with the Defendant at the time this message was left for the Plaintiff.

90. Thomas Scott was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

91. Thomas Scott was under the control of the Defendant at the time this message was left for the Plaintiff.

92. Thomas Scott's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, the Defendant.

93. The recording device used by the Plaintiff was capable of taping the voicemail message.

94. The operator of the recording device was competent to operate it.

95. The recording device used by Plaintiff was capable of taping the voicemail message.

96. The operator of the recording device used by the Plaintiff was competent to operate it.

97. The recording of the voicemail message is authentic and correct.

98. Changes, additions, or deletions have not been made to the voicemail message.

99. The voicemail message recording has been preserved in a manner that will be shown to the Court.

100. The speaker in the voicemail message has been identified as Thomas Scott.

101. The voicemail message was made voluntarily without any kind of inducement.

102. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Thomas Scott.

103. The voicemail message is a business record of the Defendant.

104. The Defendant possesses a copy of this voicemail message.

105. In 2009 the Defendant and / or a representative, employee and / or agent of the Defendant, Miss Cooper, called the Plaintiff and left a voicemail message for the Plaintiff.

106. The voicemail message stated: "Good morning Michael Kasack. This is Miss Cooper calling in regards to a very important business matter. Contact me at phone number 1-800-925-6140 extension 1252. Thank you."

107. The Defendant's reference to "a very important business matter" is a reference to the Account.

108. The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

109. There is no other reason that Miss Cooper at the Defendant was contacting the Plaintiff other than to collect the Account.

110. The only "important business matter" that the Defendant has that relates to the Plaintiff is the Account.

111. 1-800-925-6140 is one of the Defendant's telephone numbers.

112. The Defendant has a representative, employee and / or agent named Miss Cooper or that uses the alias of Miss Cooper.

113. The voicemail message was an attempt to collect the Account.

114. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

115. The voicemail message does not state that the communication is from a debt collector.

116. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

117. The voicemail message does not meaningfully disclose the caller's identity.

118. Miss Cooper did not state that she was calling from the Defendant during the voicemail message.

119. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

120. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

121. The Defendant and / or its representative, employee and / or agent Miss Cooper was not acquiring location information on the Plaintiff during this voicemail message.

122. The Defendant and / or its representative, employee and / or agent Miss Cooper left this voicemail message for the Plaintiff.

123. The Defendant and / or its representative, employee and / or agent Miss Cooper did not leave this voicemail message for a person other than the Plaintiff.

124. Miss Cooper was an employee of the Defendant at the time this message was left for the Plaintiff.

125. Miss Cooper was an agent for the Defendant at the time this message was left for the Plaintiff.

126. Miss Cooper was acting within the course of her employment with the Defendant at the time this message was left for the Plaintiff.
127. Miss Cooper was acting within the scope of her employment with the Defendant at the time this message was left for the Plaintiff.
128. Miss Cooper was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.
129. Miss Cooper was under the control of the Defendant at the time this message was left for the Plaintiff.
130. Miss Cooper's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.
131. The recording device used by the Plaintiff was capable of taping the voicemail message.
132. The operator of the recording device was competent to operate it.
133. The recording device used by Plaintiff was capable of taping the voicemail message.
134. The operator of the recording device used by the Plaintiff was competent to operate it.
135. The recording of the voicemail message is authentic and correct.
136. Changes, additions, or deletions have not been made to the voicemail message.
137. The voicemail message recording has been preserved in a manner that will be shown to the Court.
138. The speaker in the voicemail message has been identified as Miss Cooper.

139. The voicemail message was made voluntarily without any kind of inducement.

140. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Miss Cooper.

141. The voicemail message is a business record of the Defendant.

142. The Defendant possesses a copy of this voicemail message.

143. The Defendant records all telephone calls made by its representatives, employees and / or agents while attempting to collect accounts.

144. The Defendant records all telephone calls received by its representatives, employees and / or agents while attempting to collect accounts.

145. The Defendant records all voicemail messages left by its representatives, employees and / or agents while attempting to collect accounts.

146. The Defendant records all telephone calls made for collection purposes from its facilities.

147. The Defendant records all telephone calls received for collection purposes at its facilities.

148. The Defendant records all telephone calls made by its representatives, employees and / or agents while attempting to collect accounts in the state of Colorado.

149. The Defendant records all telephone calls received by its representatives, employees and / or agents while attempting to collect accounts from individuals calling from the state of Colorado.

150. The Defendant records all voicemail messages left by its representatives, employees and / or agents while attempting to collect accounts in the state of Colorado.

151. The Defendant recorded all of the telephone calls with the Plaintiff on the Account.

152. The Defendant possesses copies of the recordings of all of the telephone calls with the Plaintiff.

153. The Defendant possesses copies of the recordings of all of the voicemail messages left for the Plaintiff on the Account.

154. The Defendant kept written and / or typed computer records of all contacts with the Plaintiff and all voicemail messages left for the Plaintiff on the Account.

155. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

156. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(6).

157. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11).

158. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

159. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

160. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

161. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages including emotional distress.

162. The FDCPA is a strict liability statute.

163. The FDCPA provides one defense to liability under the statute.

164. The FDCPA provides the defense at 15 U.S.C. 1692k(c).

165. 15 U.S.C. 1692k(c) states:

"A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

## **RESPONDEAT SUPERIOR**

166. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

167. The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned herein.

168. The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned herein.

169. The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

170. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

171. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

172. The previous paragraphs are incorporated into this Count as if set forth in full.

173. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), d(6), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), e(11) and § 1692f preface.

174. The Defendant's violations are multiple, willful and intentional.

175. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff